UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANS SCHINK,

    Plaintiff,

v.                                        Case No. 2:16-cv-610-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court is an Unopposed Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 30). Plaintiff Hans Schink's attorney Jonas H. Kushner requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $27,980.50, which represents 25% of Schink's past-due Social Security disability benefits. (Doc. 30, p. 1). Kushner represents that the Commissioner has no objection to the relief requested. (Doc. 30, p. 8).[1] For the reasons discussed below, the Court grants the motion.

On August 28, 2017, the Court entered an Opinion and Order (Doc. 17), affirming the decision of the Commissioner. Schink appealed the ruling. (Doc. 19).

---

[1] Going forward, the Court reminds counsel that new Local Rule 3.01(g), effective February 2021, requires a separate certification of compliance.

On August 27, 2019, the Eleventh Circuit Court of Appeals affirmed in part, reversed in part, and remanded the action. (Doc. 22). This Court then vacated the Opinion and Order and reversed and remanded the action to the Commissioner for further proceedings. (Doc. 26). The Court also awarded $25,245.85 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 28). Kushner now seeks additional fees under 42 U.S.C. § 406(b) from Schink's past-due benefits. (Doc. 30, p. 1). Specifically, Kushner requests an award of $27,980.50 and, upon receipt of the § 406(b) fees, he will return the EAJA fees in the amount of $ 25,245.85 to Plaintiff. (Doc. 30, pp. 3, 5).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before

the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht* , 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht* , 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

First, the Court reviewed the Social Security Contingent Fee Contract for Legal Services, and the Statement of Plaintiff's Agreement to Attorney's Fees. (Doc. 30, pp. 10, 18). In these agreements, Schink agrees counsel may charge 25% of the past-due benefits under § 406(b), subject to court approval. (Doc. 30, pp. 10, 18). The Court finds these agreements comport with 42 U.S.C. § 406(b) in that they allow

3

a fee award equal to but not more than 25% of the past-due benefits. Thus, the Court finds these agreements are reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the fees are large in comparison to the amount of time counsel spent on this case. In this Court's November 22, 2019 Order, (Doc. 28), the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 28, p. 3). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours Plaintiff's counsel expended and the hourly rates (Doc. 25, pp. 9-16); and (2) the Social Security Administration's Notice of Award (Doc. 30, pp. 12-16). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $27,980.50 is reasonable.

Accordingly, the Unopposed Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED** and awards § 406(b) fees in the amount of $27,980.50. Upon receipt of these funds by Kushner, the Court directs him to remit $25,245.85 to Schink.

**ORDERED** in Fort Myers, Florida on June 4, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE